UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARIO TREJO,

                               Plaintiff,

      -against-

K.A.M. FOOD STORE, INC. d/b/a MET
FOODMARKETS, MAHMOUD HASSAN DOLAH,
and KAREEM DOLAH, jointly and severally,

                           Defendants.
-------------------------------------------------------------------X

**Doc. No. 18-cv-03320-DLI-JO**

**ANSWER**

Defendants K.A.M. FOOD STORE, INC. d/b/a MET FOODMARKETS, MAHMOUD

HASSAN DOLAH, and KAREEM DOLAH, jointly and severally (collectively hereinafter

referred to as "Defendants") by their attorneys, Harfenist Kraut & Perlstein LLP, answering

plaintiff's complaint (the "Complaint"), alleges as follows:

     1.     Admit the allegations contained in paragraph 1 of the Complaint.

     2.     Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 2 of the Complaint, and leave all questions of law to be determined by the

Court.

     3.     Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 3 of the Complaint, and leave all questions of law to be determined by the

Court.

     4.     Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 4 of the Complaint, and leave all questions of law to be determined by the

Court.

MC/D297738/L2946

5.     Deny the allegations contained in paragraph 5 of the Complaint, except admit plaintiff is a former employee of Met Foodmarkets.

6.     Admit the allegations contained in paragraph 6 of the Complaint.

7.     Admit the allegations contained in paragraph 7 of the Complaint.

8.     Deny the allegations contained in paragraph 8 of the Complaint, except admit Kareem Dolah is an employee of Met Foodmarkets.

9.     Admit plaintiff was an employee of Met Foodmarkets but deny the remaining allegations contained in paragraph 9 of the Complaint.

10.    Deny the allegations contained in paragraph 10 of the Complaint.

11.    Deny the allegations contained in paragraph 11 of the Complaint.

12.    Admit the allegations contained in paragraph 12 of the Complaint.

13.    Admit that plaintiff worked January 1, 2011 to December 31, 2014, but deny plaintiff worked at least 72 hours per week.

14.    Admit the plaintiff was paid in cash, but deny the remaining allegations contained in paragraph 14 of the Complaint.

15.    Admit plaintiff worked January 1, 2015 to May 16, 2017, but deny plaintiff worked at least 60 hours per week.

16.    Admit plaintiff was paid in cash, but deny the allegations contained is paragraph 16 of the Complaint.

17.    Admit the plaintiff was paid in cash, but deny the allegations contained in paragraph 17 of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

MC/D297738/L2946

19.     Deny the allegations contained in paragraph 19 of the Complaint in the form alleged, but admit K.A.M. is a grocery store d/b/a Met Foodmarkets.

20.     Deny the allegations contained in paragraph 20 of the Complaint, and leave all questions of law to be determined by the Court.

21.     Deny the allegations contained in paragraph 21 of the Complaint, and leave all questions of law to be determined by the Court.

22.     Deny the allegations contained in paragraph 22 of the Complaint, and leave all questions of law to be determined by the Court.

23.     Deny the allegations contained in paragraph 23 of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint.

25.     Deny the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint.

31.     Deny the allegations contained in paragraph 31 of the Complaint.

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Defendants repeat and reallege each denial as previously set forth.

33.     Deny the allegations contained in paragraph 33 of the Complaint.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

MC/D297738/L2946

36.     With respect to the allegations contained in paragraph 36 of the Complaint, Defendants repeat and reallege each denial as previously set forth.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint.

39.     With respect to the allegations contained in paragraph 39 of the Complaint, Defendants repeat and reallege each denial as previously set forth.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

41.     Deny the allegations contained in paragraph 41 of the Complaint.

42.     With respect to the allegations contained in paragraph 42 of the Complaint, Defendants repeat and reallege each denial as previously set forth.

43.     Deny the allegations contained in paragraph 43 of the Complaint.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     With respect to the allegations contained in paragraph 45 of the Complaint, Defendants repeat and reallege each denial as previously set forth.

46.     Deny the allegations contained in paragraph 46 of the Complaint.

47.     Deny the allegations contained in paragraph 47 of the Complaint

48.     With respect to the allegations contained in paragraph 48 of the Complaint, Defendants repeat and reallege each denial as previously set forth.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Deny the allegations contained in paragraph 50 of the Complaint.

51.     With respect to the allegations contained in paragraph 51 of the Complaint, Defendants repeat and reallege each denial as previously set forth.

52.     Deny the allegations contained in paragraph 52 of the Complaint.

MC/D297738/L2946

53.     Deny the allegations contained in paragraph 53 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54.     Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55.     Plaintiff's employment was exempted from the requirements of the Fair Labor Standards Act ("FLSA").

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56.     On information and belief, Plaintiff has failed to mitigate his alleged damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57.     Plaintiff has suffered no damages or pecuniary loss attributable to actionable conduct by Defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58.     Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59.     Plaintiff's claims are barred by the doctrine of estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60.     Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61.     Plaintiff's claims are barred by the doctrine of in pari delicto.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

62.     Plaintiff's claims are barred by the doctrine of laches.

MC/D297738/L2946

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

63.     Plaintiff's claims are barred by the doctrines of accord and satisfaction, ratification, confirmation and acquiescence.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

64.     Plaintiff's claims are time-barred in whole or part.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

65.     Defendants' acts were undertaken in good faith without reckless disregard for Plaintiff's statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations and orders and with reasonable grounds for believing that their actions were in compliance with the law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

66.     Any damages Plaintiff allegedly sustained resulted from Plaintiff's own culpable or negligent conduct, or that of third parties, and was not the proximate result of any act of Defendants.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

67.     At all times relevant, Defendants acted reasonably and in the proper and lawful exercise of their discretion and business judgment, and without intent to violate Plaintiff's rights.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

68.     Plaintiff's claims are precluded by, or barred as inconsistent with, applicable agreements.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

69.     Any premium and overtime pay Plaintiff received during the course of his employment must be offset against any alleged liability asserted in the complaint, in whole or in part.

MC/D297738/L2946

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

70.     Plaintiff's claims are barred in whole or in part because the individual defendants were not his "employer" under the FLSA.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

71.     Some or all of the time for which Plaintiff seeks compensation is not compensable working time under the applicable statutes.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

72.     To the extent Plaintiff was compensated beyond his actual entitlement, such additional compensation would satisfy in whole or part of his claims herein.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

73.     Plaintiff's claims are subject in whole or part, to set-off.

**WHEREFORE**, Defendants respectfully request that:

a.      The Court dismiss the Complaint in its entirety with prejudice;

b.      The Court award it the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

c.      The Court grant such other and further relief as is just and proper.

Dated:  Lake Success, New York
        July 12, 2018

                    **HARFENIST KRAUT & PERLSTEIN LLP**
                    *Attorneys for defendants*

By:     _S/ Steven J. Harfenist_
        Steven J. Harfenist
        3000 Marcus Avenue, Suite 2E1
        Lake Success, New York 11042
        P. (516) 355-9600
        F. (516)355-9601

7

MC/D297738/L2946