# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIO TREJO,

    Plaintiff,

v.

K.A.M. FOOD STORE, INC. d/b/a MET FOODMARKETS, MAHMOUD HASSAN DOLAH, AMIN DOLAH and KAREEM DOLAH, jointly and severally,

    Defendants.

No.1:18-CV-03320-DLI-JO

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement"), dated May 1, 2019, sets forth the mutual understanding between MARIO TREJO a/k/a MARIO TREJO CHAMORRO ("Plaintiff"), and K.A.M. FOOD STORE, INC. d/b/a MET FOODMARKETS, MAHMOUD HASSAN DOLAH, AMIN DOLAH, and KAREEM DOLAH (K.A.M. FOOD STORE, INC. and the DOLAHs collectively "Defendants") (Plaintiff and Defendants collectively the "Parties") regarding the desire of Plaintiff and Defendants (Plaintiff collectively "the Parties") to resolve this matter without further litigation or adjudication.

WHEREAS, Plaintiff commenced an action against Defendants in the above-captioned action (the "Action") alleging (1) minimum wage violations under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); (2) overtime violations under the FLSA and NYLL; (3) spread of hour premium violations under the NYLL; and (4) violations of the notice and recordkeeping provisions of the New York Wage Theft Prevention Act (allegations (1) through (4) referred to collectively as the "Claims");

WHEREAS, subsequent to the commencement of the Action the Parties engaged in Court-annexed mediation on February 22, 2019 and thereafter scheduled a second mediation session for April 12, 2019;

WHEREAS, on April 12, 2019, the Parties again participated in Court-annexed mediation and were able to come to an agreement in principle to resolve the Action;

WHEREAS the Parties have now set forth their mutual understanding in writing in this Agreement; WHEREAS, Plaintiff desires, with full advice of counsel, to freely and voluntarily enter into this Settlement Agreement obviating the need for further litigation between the Parties to this Agreement as to the Claims and that will preclude Plaintiff from bringing the Claim in the future against any of the Defendants in exchange for the promises contained herein;

WHEREAS, Defendants expressly deny and continue to expressly deny all of the allegations made by Plaintiff in this Action, whether under the FLSA, NYLL, or otherwise, and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Action. Nonetheless, without admitting or conceding any liability

1

or damages whatsoever, Defendants desire, with full advice of counsel, to freely and voluntarily enter into this Settlement Agreement obviating the need for further litigation between the Parties to this Agreement as to the Claims and that will preclude Plaintiff from bringing the Claims in the future against any of the Defendants in exchange for the promises contained herein; and,

WHEREAS, the terms, conditions, and implications of this Settlement Agreement have been explained to the Parties by their respective attorneys;

NOW, THEREFORE, the Parties, stipulate and agree as follows:

1.  **Recitals.** The recitals above are incorporated herein as if fully set forth below.

2.  **Payment.** Defendants agree to pay Plaintiff the principal amount of fifty thousand dollars and zero cents ($50,000.00) (the "Settlement Sum") over a period of 18 months beginning June 1, 2019, in equal installments of two thousand seven hundred seventy-seven dollars and seventy-eight cents ($2,777.78). The Parties agree that the payments in paragraphs 2(a) and 2(b) below shall be delivered to Eisner & Dictor P.C., 39 Broadway, Suite 1540, New York, New York, 10006, on or before the dates provided. Moreover, the Parties agree that Defendants shall provide a paystub with an itemized list of deductions and tax withholdings together with delivery of each check payable to Plaintiff. In the event that any of the payments in paragraphs 2(a) and 2(b) below become due on a weekend or federal holiday, the payment shall be due on the immediately *following* business day. In the event that any of the payment s in paragraphs 2(a) and 2(b) below become due prior to Court approval of this Agreement, as described in Paragraph 4 below, Eisner & Dictor, P.C. shall hold the checks in escrow pending the Court's approval of this Agreement, with the checks and funds to be released to the respective payees upon the Court's approval. The Settlement Sum will be paid as follows:

    a.  Plaintiff to sign and return to Defendants' Counsel, with the fully executed Settlement Agreement, a W2 Form.

    b.  **Initial Payment.** On or before June 1, 2019, Defendants shall deliver two checks as follows: (i) one made payable to "Mario Trejo Chamorro" in the gross amount of one thousand, two hundred seventy-two dollars and seventy-one cents ($1,272.71) as wages and reported on an IRS Form W-2; and (ii) one made payable to "Eisner & Dictor, P.C." in the amount of one thousand five-hundred five dollars and seven cents ($1,505.07) as costs and attorneys' fees and reported on an IRS Form 1099. Defendants shall provide a paystub with an itemized list of deductions and tax withholdings with the check payable to "Mario Trejo Chamorro."

    c.  **Installment Payments**. On or before July 1, 2019, and the 1st day of the 16 months thereafter (*i.e.* up to and including November 1, 2020), Defendants shall deliver two checks as follows: (i) one made payable to "Mario Trejo Chamorro" in the gross amount of one thousand eight hundred fifty-one dollars and eighty-five cents ($1,851.85) as wages and reported on an IRS Form W-2; and (ii) one made payable to "Eisner & Dictor, P.C." in the amount of nine hundred twenty-five dollars and ninety-three cents ($925.93) as attorneys' fees and reported on an IRS Form 1099.

        Defendants shall provide paystubs with itemized lists of deductions and tax withholding with each of the checks payable to Mario Trejo Chamorro.

    d.    Except as provided above, the parties agree Plaintiff is not entitled to any pay, damages, monies, or benefits from Defendants including, but not limited to, wages; compensatory damages; statutory damages; emotional distress damages; punitive damages; attorneys' fees; expenses; insurance benefits; employment or fringe benefits; other medical benefits or medical insurance; commissions; bonuses; stock options; contributions or proceeds from any benefit plans; sick pay; holiday pay; vacation pay; severance payments; salary or consulting payments.

3.    **Default.** If Defendants fail to make a payment by the time permitted by Paragraph 2 above, Plaintiffs will provide Defendants with notice of the default to Allen Perlstein, Esq., by email to aperlstein@hkplaw.com and mcastelli@hkplaw.com. Defendants will then have ten (10) business days from the date of the email within which to cure the default. If the default is not cured within ten (10) business days, Plaintiff forthwith shall have the right to enter the Affidavits of Confession of Judgment, attached as Exhibit A to this Agreement, which provides for judgment in the amount of $50,000.00 less any payments made pursuant to this Agreement. Defendants understand and agree that if a court of competent jurisdiction vacates entry of the Affidavits of Confession of Judgment, the Limited Release in Paragraph 5 below will become void and unenforceable. Moreover, Plaintiff shall be entitled to recover costs and attorneys' fees incurred in order to enforce the terms of this Paragraph 3 and Paragraph 2 above.

4.    **Settlement Approval.** To the extent required by the Court, the Parties shall submit this executed Agreement to the Court for review and approval. This Agreement shall not be effective until the Parties execute it and the Court approves it.

5.    **Limited Release.** In return for the Settlement Sum, Plaintiff agrees to dismiss the action and the claims therein, with prejudice, and release, waive, acquit and forever discharge Defendants of any liability whatsoever for the Fair Labor Standards Act and New York Labor Law claims Plaintiffs brought in this Action. Defendants understand and agree that if Defendants default on the Settlement Payments and fail to cure within 10 business days, then Plaintiff shall have the right to forthwith enter the Affidavits of Confession of Judgment, the release in this paragraph will become void, and Plaintiff shall have the right to recover any attorneys' fees incurred in order to enforce the terms of this Agreement..

6.    **Attorneys' Fees.** Except as noted in Paragraphs 2, 3, and 5 above, no Party shall be responsible or liable for the payment of any attorneys' fees or costs for the other Party.

7.    **Representations and Acknowledgements.** The Parties understand and agree that they have been advised to consult with their own attorneys, and the Parties acknowledge that they have in fact consulted with their own attorneys before signing this Agreement. The Parties acknowledge that nothing in this Agreement limits any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.

8. **Oral Modifications Prohibited.** This Agreement represents the entire agreement and complete understanding between the Parties with respect to settlement of the Claims. This Agreement fully supersedes any and all prior agreements or understandings between the Parties. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written and signed instrument specifically referencing this Agreement and executed by the Party against whom enforcement of any such amendment, supplement, modification, or waiver is sought.

9. **Stipulation of Dismissal.** Upon full payment of the Settlement Sum without default and failure to cure, Plaintiffs agree to withdraw their Complaint (Case No.: 1:18-CV-03320-DLI-JO) and, if required, to dispose of this Action, to execute a stipulation of dismissal with prejudice.

10. **Governing Law, Jurisdiction, and Venue.** This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction. The Parties further agree that any action or proceeding relating to this Agreement or the breach, termination, enforcement, interpretation, or validity of this Agreement, whether sounding in contract, tort, or otherwise, shall likewise be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction, and shall be brought only in the state or federal courts located in the State of New York, New York County, and the Parties irrevocably submit to the exclusive jurisdiction of the state courts of the State of New York and waive the defense of inconvenient forum.

11. **Effective Date.** Except for the Limited Release in Paragraph 5 above, which becomes effective only upon full payment of the Settlement Sum without default and failure to cure, this Agreement shall become effective immediately upon execution by the last executing party and approval of this Agreement by the Court.

12. **Construction.** The Parties acknowledge that this Agreement was prepared by the joint efforts of the Parties, with the assistance of their respective legal counsel, and shall not be construed against any Party because such Party drafted the Agreement or caused it to be drafted. The captions and headings in this Agreement are for convenience only and shall not affect the meaning or interpretation of any provision.

13. **Counterparts and Electronic Signature.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original but all of which will constitute one instrument. Facsimile, electronic, scanned, and photocopied signatures shall be deemed originals for purposes of this Agreement.

THEREFORE, the Parties now voluntarily and knowingly execute this Agreement as follows:

_____
MARIO TREJO a/k/a MARIO TREJO CHAMORRO

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

On the __2nd__ day of __May__ in the year 2019 before me, the undersigned, a Notary Public in and for said State, personally appeared MARIO TREJO a/k/a MARIO TREJO CHAMORRO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by hi signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

THOMAS LAMADRID
Notary Public, State of New York
No. 02LA6326549
Qualified in Queens County
Commission Expires June 22, 20__19__

K.A.M. FOOD STORE, INC. d/b/a MET FOODMARKETS

By: _____

STATE OF __New York__ )
                      ) ss.:
COUNTY OF __Kings__   )

On the ___ day of _____ in the year 2019 before me personally came __MAHMOUD HASSAN-DOLAH__, to me known, who, being by me duly sworn, did depose and say that he resides at __65 83RD ST. BROOKLYN, NY 11209__ _____; that he is the __OWNER__ of K.A.M. FOOD STORE, INC. d/b/a MET FOODMARKETS, the corporation described in and which executed the above instrument; and that he signed his name thereto by authority of the board of directors of said corporation.

_____
Notary Public

STEPHANIE BENJAMIN
Notary Public - State of New York
NO. 01BE6242395
Qualified in Kings County
My Commission Expires May 31, 2019

5

_____
MAHMOUD HASSAN DOLAH

STATE OF _New York_ )
                    ) ss.:
COUNTY OF _Kings_   )

On the 13th day of _May_ in the year 2019 before me, the undersigned, a Notary Public in and for said State, personally appeared MAHMOUD HASSAN DOLAH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by hi signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STEPHANIE BENJAMIN
Notary Public - State of New York
NO. 01BE6242395
Qualified in Kings County
My Commission Expires May 31, 2019

_____
AMIN DOLAH

STATE OF _New York_ )
                    ) ss.:
COUNTY OF _Kings_   )

On the 13th day of _May_ in the year 2019 before me, the undersigned, a Notary Public in and for said State, personally appeared AMIN DOLAH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STEPHANIE BENJAMIN
Notary Public - State of New York
NO. 01BE6242395
Qualified in Kings County
My Commission Expires May 31, 2019

6

_____
KAREEM DOLAH

STATE OF _New York_ )
                        ) ss.:
COUNTY OF _Kings_ )

On the _13th_ day of _May_ in the year 2019 before me, the undersigned, a Notary Public in and for said State, personally appeared KAREEM DOLAH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STEPHANIE BENJAMIN
Notary Public - State of New York
NO. 01BE6242395
Qualified in Kings County
My Commission Expires May 31, 2019

7